IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-00045-NKL |
| ) | |
| EDWARD JEFFERSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER**

Before the Court is Defendant Edward Jefferson's Motion for Judgment of Acquittal or, in the Alternative, Motion for a New Trial [Doc. # 209]. For the following reasons, the Court denies the motions.

On June 30, 2011, a jury found Defendant Jefferson guilty of the crime of conspiracy to distribute 5 kilograms or more of cocaine. [Doc. # 209.] On August 14, 2011, Jefferson timely filed these motions for acquittal and a new trial, invoking Rule 29(c) and Rule 33, respectively, of the Federal Rules of Criminal Procedure.

**I.    Motion for Acquittal**

Rule 29(c) states: "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). The Court should deny a motion for judgment of acquittal "where the evidence, viewed in the light most favorable to the government, is such that a reasonable jury could have found each of the essential elements

of the crime beyond a reasonable doubt." *United States v. Moyer*, 182 F.3d 1018, 1021 (8th Cir. 1999) (citations omitted).

To obtain a conviction for conspiracy, the government must prove beyond a reasonable doubt that there was an agreement to achieve some illegal purpose, that the defendant knew of such agreement, and that the defendant knowingly participated in the conspiracy. *United States v. Mora-Higuera*, 269 F.3d 905, 910 (8th Cir. 2001). Circumstantial evidence is sufficient to infer a conspiracy. *United States v. Grimaldo*, 214 F.3d 967, 975 (8th Cir. 2000).

Defendant Jefferson argues that the Government failed to establish the basic elements necessary to convict Defendant of conspiracy. Jefferson argues first that the Government at best only established a buyer-seller relationship rather than a conspiracy between Jefferson and Alejandro Corredor, a Kansas City cocaine dealer and the major witness against Jefferson. A mere agreement to exchange drugs for money is indeed insufficient to prove conspiracy. *United States v. Kincannon*, 567 F.3d 893, 897 (7th Cir. 2009). Some evidence of an agreement to commit another crime in addition to a single drug sale is required to prove a conspiracy. *Id*. at 897.

However, the Government met its burden in showing that Jefferson's involvement with Corredor did not represent a mere buyer-seller relationship but instead encompassed knowing participation in a conspiracy focused on cocaine distribution. Corredor testified that Jefferson was one of his employees, and that Jefferson and other distributors did not pay for
2

the cocaine up front. Rather, Corredor would "front" the employees the money, they would sell the allotted amount of cocaine and then they would pay Corredor. Corredor specifically distinguished the role of his employees from that of another individual, Kendall Howard, who would pay for his drugs up-front and was thus not "working" for Corredor. [Doc. # 217 at 34]. Thus, Corredor's testimony indicates his personal investment in Jefferson's sale of the drugs to third parties, while Jefferson, as an employee, had a duty to sell the supply given to him by Corredor, providing ample proof for a jury to conclude that the two men coordinated their activities to sell cocaine to third parties rather than engaging in a mere buyer-seller relationship.

Jefferson argues also that the Government's evidence failed to establish that the alleged conspirators possessed a "common, illicit goal" or that Jefferson participated in or had knowledge of the conspiracy. [Doc. # 209 at 4]. However, Corredor's testimony provided sufficient evidence for a jury to find a continuing, long-term relationship between Corredor and Jefferson, a relationship aimed at the distribution and sale of cocaine. Corredor detailed specific quantities of cocaine he distributed to Jefferson at specific times over a multi-year period.[1] He testified to phone conversations in which Jefferson discussed with

---

[1] For example, Corredor testified that in 2007, when Corredor was receiving shipments from supplier Juan Rodriguez, he was distributing five kilograms to Jefferson "every couple of weeks." [Doc. # 217 at 32]. In 2008, after Corredor switched to another supplier, Morillo, he now distributed "four to five" kilos to Jefferson per shipment. [Doc. # 217 at 33]. Corredor also testified that he continued to distribute drugs to Jefferson until Corredor's arrest in 2009. This testimony refutes Jefferson's claim that the Government did not offer evidence which proved that "5 kilograms of cocaine or more were distributed or available to be distributed." [Doc. # 209 at 2].

3

him the logistics by which Corredor would pick up payments from Jefferson and Jefferson would pick up drugs from Corredor, as well as problems with the quality of the drugs supplied by Corredor to Jefferson. This testimony was corroborated in part by Corredor's wife, Cindi,[2] who testified that on at least five occasions, she observed Corredor and Jefferson meet, to "pick up money or to drop off stuff," the "stuff" being later identified as drugs. [Doc. # 217 at 244-45]. Other evidence which also supports Corredor's testimony includes a photo of Corredor and Jefferson together and a drug ledger found in Corredor's home which identified Jefferson and an amount of money allegedly owed by Jefferson to Corredor, as well as Jefferson's arrest and guilty plea for possession of cocaine with intent to distribute, which occurred within the time frame of the conspiracy which is the subject of the present case. Thus, viewing the above evidence in the light most favorable to the verdict, the Court finds that the jury had more than sufficient grounds to conclude beyond a reasonable doubt that Jefferson was knowingly engaged in a common drug distribution and resale scheme with Corredor.

## II. Motion for New Trial

---

[2]Jefferson alleges in his motion that the testimony of Alejandro Corredor was inconsistent with that of his wife, Cindi. He also appears to allege that the couple's prior indictments for cocaine and distribution and their status as government witnesses renders their testimony inadequate for finding Jefferson guilty of conspiracy. However, any inconsistencies in witnesses' testimony and their status as government witnesses goes to credibility of the testimony. In reviewing a motion for judgment of acquittal, the Court must defer to the jury's determination of witness credibility. *United States v. Davis*, 534 F.3d 903, 911 (8th Cir. 2008).

4

Rule 33(a) provides that "the Court may . . . grant a new trial [to a defendant] if the interest of justice so requires." Fed. R. Crim. P. 33(a). The trial court has broad discretion to grant or deny a motion for new trial based upon the weight of the evidence, and "the trial court can rely on its own reading of the evidence – it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992) (quotation omitted). However, the trial court should exercise this discretion "sparingly and with caution" and only "if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002); *United States v. Anthony*, 537 F.3d 863, 867 (8th Cir. 2008).

Jefferson requests a new trial based on several alleged improprieties during the trial, which all fall into two broad categories involving either lack of sufficient evidence to convict or improper admission of evidence.[3]

### A. Insufficiency of Evidence

---

[3] Jefferson appears to argue in his motion that venue in the Court is improper because of an alleged insufficiency of evidence showing that "Mr. Jefferson was involved in any activity other than concert promotion" and thus lacked the "intent to distribute" necessary to be convicted under 21 U.S.C. §841(a)(1). However, as venue is proper in the district where the Defendant allegedly committed the crime, in this case, conspiracy to distribute cocaine, the Court finds that venue was proper in the Western District of Missouri as Mr. Jefferson was accused of conspiring in the Kansas City area. However, as it appears that Jefferson's venue discussion is in reality an attempt to instead challenge the sufficiency of the evidence, the Court will address it in that context as well.

Jefferson makes several arguments to support his claim that the evidence was insufficient to warrant his conviction. Jefferson argues that the Government failed to prove that "Mr. Jefferson was involved in any activity other than concert promotion," and thus lacked the "intent to distribute" necessary to be convicted under the indictment against him. Jefferson alleges specifically that the Government failed to prove that Mr. Jefferson was in possession of 5 or more kilograms of cocaine or that he participated in an agreement to distribute such an amount. He claims further that "the evidence showed telephone calls about cocaine that did not include Mr. Jefferson," "no cocaine was found in his possession," and "[n]o one other than Alejandro Corredor testified that Mr. Jefferson participated in planning to distribute cocaine." [Doc. # 209 at 8].

However, the Court finds that there was sufficient evidence for the jury to find Jefferson guilty of conspiracy. As stated in Section I of this Order, the testimony of Alejandro Corredor, combined with a record of phone calls between Jefferson and Corredor, the testimony of Cindi Corredor, and other evidence, including Jefferson's 2009 guilty plea for possession with intent to distribute cocaine, were sufficient to establish the elements of the conspiracy charge. For example, Corredor's testimony interpreting Jefferson's coded language on the telephone calls establishes Jefferson's role in reselling cocaine he received from Corredor to third parties, and then returning money from the sales to Corredor. Corredor testified that Jefferson played such a role over a multi-year period. Cindi Corredor's testimony corroborates such a role, as she testified observing Jefferson provide

6

money to Corredor, and at other times, receive a supply of drugs from Corredor. The evidence was also sufficient to establish that Jefferson participated in a conspiracy to distribute 5 or more kilograms of cocaine. Corredor testified he was distributing five kilograms to Jefferson "every couple of weeks" in 2007. [Doc. # 217 at 32]. Corredor said he distributed "four to five" kilos to Jefferson per shipment in 2008. [Doc. # 217 at 33]. Corredor also testified that he continued to distribute drugs to Jefferson until Corredor's arrest in 2009. The Court finds such evidence is sufficient to prove beyond a reasonable doubt that Jefferson participated in a conspiracy to distribute 5 or more kilograms of cocaine. [Doc. # 209 at 2].

    **B.**    **Admissibility of Evidence**

Jefferson argues first that the Court erred in permitting the Government to introduce evidence of telephone calls made between Corredor and Jefferson after Corredor's telephone was tapped in April 2009, as Jefferson claims these conversations occurred after the dates of the conspiracy charged in the indictment, alleged by him to be between January 1, 2007 and February 11, 2009. However, Jefferson incorrectly states the dates covered by the indictment, which spans January 1, 2007 to February 11, 2010. As the dates of the wiretapped conversations fall within the dates of the conspiracy charged under the indictment, the Court finds Jefferson's argument to be contrary to the facts of the case.

    Jefferson also appears to argue that the testimony of the Corredors was not admissible against Jefferson because the testimony occurred after the conspiracy had ended. However,

7

the Federal Rules of Evidence and case law cited by Jefferson relate to hearsay statements from co-conspirators, not direct testimony at trial. As the Corredors both testified against Jefferson at trial, their testimony was admissible to prove Jefferson's participation in the conspiracy to distribute cocaine. *See United States v. Barrett*, 74 F.3d 167, 168 (8th Cir.1996) (holding that testimony of multiple alleged co-conspirators was sufficient to convict defendant of conspiracy even when there was contradictory testimony and no physical evidence). Regarding the credibility of the Corredors' testimony, Jefferson does not provide any evidence from the trial which undercuts the critical testimony of Alejandro Corredor, who detailed Jefferson's role in the cocaine distribution conspiracy, and provided dates, times and quantities of drugs supplied to and sold by Jefferson as a part of this conspiracy.[4] Nor did the Court identify any such deficiencies during the trial. More, importantly, it was for the jury to weigh the credibility of Alejandro Corredor - not the parties or the Court.

Jefferson argues that the Court erred in permitting the Government to introduce Jefferson's 2009 guilty plea for possession of cocaine with intent to distribute. Evidence of

---

[4] Jefferson claims that "the Corredors testified that 'drugs and money' were exchanged between Alejandro Corredor and Mr. Jefferson, but later changed to only money being exchanged." [Doc. # 209 at 11] However, at trial, both Corredors testified to witnessing drugs and money being exchanged. [Doc. #214 at 93; 100; 244]. Jefferson also claims that "Alejandro Corredor testified that he and Mr. Jefferson had invested in promoting music concerts whereas Cindi Corredor denied this, despite being confronted with concert flyer evidence." [Doc. # 209 at 11]. However, even assuming Jefferson were correct about an inconsistency with regard to the testimony about the concerts, it does not render incredible Alejandro Corredor's testimony about Jefferson's involvement in the conspiracy charged under the indictment.

8

other crimes is admissible if "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Green*, 151 F.3d 1111, 1113 (8th Cir.1998). Any prejudicial effect of introduction of the guilty plea is outweighed by the evidence's probative value, as the evidence of the prior act shows Jefferson's knowledge and intent in committing the crime charged in the instant case; the previous crime is clearly closely related, both temporally and substantively, to the current offense, as it involved cocaine and occurred within the time frame of the conspiracy at issue in the current Motion. *See United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir.1997) ("Our court has held that evidence of prior possession of drugs...is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element"); *United States v. Oates*, 173 F.3d 651 (8th Cir. 1999) (allowing evidence of defendant's prior state guilty plea for third degree possession of crack cocaine to prove defendant's knowledge and intent in committing federal crime of conspiracy to distribute crack cocaine since state offense occurred within three years of federal convictions, and prior conviction was probative of defendant's knowledge and intent); *United States v. Wint*, 974 F.2d 961, 967 (8th Cir. 1992) (noting that "evidence of an offense committed within the previous five years is reasonably close in time"); *United States v. Sykes*, 977 F.2d 1242, 1246 (8th Cir.1992) (noting that evidence of prior offense concerning same drug was relevant in showing knowledge and intent for charged offense).

9

In sum, the evidence in this case does not weigh so "heavily . . . against the verdict that a miscarriage of justice may have occurred." *Campos*, 306 F.3d at 579. Rather, the evidence presented to the jury clearly supported the jury's verdict.

### III.    Conclusion

Accordingly, it is hereby ORDERED that Defendant Edward Jefferson's Motion for Judgment of Acquittal or, in the Alternative, Motion for a New Trial [Doc. # 209] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  November 14, 2011
Jefferson City, Missouri